Good morning. If it pleases the court, Raul Godinez for the petitioner Mr. Blanco. This matter involves an appeal of the judge's motion to reopen. Now there was some confusion as to whether or not the Board of Immigration Appeals made a decision the motion to reconsider or the motion to reopen. The historical process of this case is petitioner was represented by various different attorneys. They change from one attorney to another. There's one attorney who said he appeared on behalf of a second attorney and that second attorney says he'd never even heard of the client. So there isn't a clear indication of who was representing him when. The petitioner believed throughout the process that the one person who he had signed contract with, Mrs. Wheel, was the one representing him. When the case got denied by the immigration judge, he returned to his belief of who his attorney was, Mrs. Wheel, and requested assistance in filing an appeal. Through some misunderstanding and through some miscommunication, it appears that Mrs. Wheel referred him to another person to file an appeal. This appeal was not filed. My client did not discover this until he was detained by immigration. At that point when he was detained a year later, his family was unable to find the receipt he had received. Unfortunately, his directions, it was two blocks away in the tall building, your honor, were not sufficient to locate that attorney. However, his belief was that he had retained competent counsel to file an appeal on his behalf. Now, in denying the motion to reopen, it's unclear. It appears that the board also ruled in the motion to reconsider, something that is also within the board's preview. The board has independent authority to certify a case to themselves to reopen or reconsider a case. However, the process in which it was done was not proper because counsel was not given an opportunity to address the issues of the motion to reconsider. Now, counsel, having filed the motion to reconsider and having seen the decision, raised some of the issues as a preemptive knowledge of what the board might be distracted in, what might be subreddit hearings. However, the counsel was not addressing those as errors. It was more preemptive and this is why the potential motion to reopen. You appealed only the motion to reopen, the denial of the motion to reopen. Correct, your honor. There was no appeal to the motion to reconsider. It was my strategic decision that it would be harder to appeal a motion to reopen. And so what do we do here? Because it looks like the BIA looked at the motion to reconsider, the one that you didn't. Correct, your honor. So does our law require that we send it back? I would agree, your honor. I think what happens is, although it is within the board's preview, they did not follow the right process in doing this. But it seems a little odd and awkward because it seems that much of the BIA's reasoning in rejecting your client's appeal on the denial of motion for reconsideration would apply an equal force to the evaluation of his motion to reopen. And so in those circumstances, I guess, do we remand the case to BIA to consider the motion to reopen in the first instance? Or would it be within our power to consider the petition of the review in this particular case on its merits? I think any one of those would be appropriate, your honor. The fact that the BIA did not address an issue before it means it failed to consider it. If the BIA failed to consider the motion to reopen, and then they committed error, and this court can overrule the decision by the BIA. Wouldn't a decision on the motion to reconsider necessarily encompass the decision to deny reopening? You're asked to reconsider the denial of motion. Correct, your honor. There would be some overlap, your honor. However, when I prepared my appeal brief, I focused on the motion to reopen. The fact that I had the benefit of the denial of the motion to reconsider, sort of a preview of what might be perceived as weaknesses in my case, does not mean those issues were raised before the BIA. Upon the BIA denial, the way the BIA denial was formatted in their motion to reconsider, I did now start to raise the issues more thoroughly before this court. But before the BIA, they were more denied as a preemptive issue. If we are going to look at the merits and sort of decide this, it seems, you know, this has been a remarkable case in terms of the number of extremely deficient in their work and their ability to provide counsel to your client. But Mr. Maldonado has provided two substantially different accounts of his hiring of the unnamed attorney, which is, I think, something we have to focus on, to file an appeal of the denial of his asylum application. It looks like in his declaration accompanying his motion to reopen, Mr. Maldonado alleged that he contacted Gloria Will Herrera, is that her name? Correct, Your Honor. To ask about an appeal and her office sent him to the unnamed attorney who he met and paid $500 for an appeal. But in his declaration filed with the panel to the BIA, Mr. Maldonado stated that he went to Shawn Beam's office to ask about an appeal and a receptionist there referred him to the unnamed attorney. So I guess my question, even though the BIA did not consider the inconsistency, what version of events are you alleging as true? Your Honor, I think the result of this misunderstanding is the way the case was beginning. The fact that Ms. Wheel in her contract says, I'm going to delegate this to who I want, the fact that there were three other attorneys who appeared on this matter, I think that has led to confusion for someone with a minimal education to understand this process. But which version do you, are you saying is correct here? I think either one, Your Honor. I think it's, I believe my clients might be confused, but I believe it was under Gloria Will Herrera's because it was her who appears on the records, having never been substituted out and having never been withdrawn from the case, it was ultimately her responsibility. And it appears that she's the only one who adopted a contract, albeit it was a contract prepared by a disbarred attorney. And if I'm . . . Well, so let's put aside any inconsistencies and then focus on how your client was diligent. Because I think if we, if we take this and we have to see whether or not he was diligent in learning the identity of the attorney he hired for the appeal. And it seems like in both of his declarations, Mr. Maldonado states that he personally met with the unnamed attorney. And in both declarations, he provides the name of the individual who referred the attorney to him. It's just, just trying to figure out, because it seems somewhat difficult to understand that Mr. Maldonado's brother or another family member or friend could not have easily discovered the identity of this sort of mystery attorney, either by contacting the referring attorney or going to the location where Mr. Maldonado met with the unnamed attorney. It just seems like your client could have maybe have at least provided some sort of declaration from the referring individual stating that he inquired about filing an appeal. If I may, I'd like to reserve what time I have left, but I would like to answer the question. When someone, at this time, even when the petition for review was filed, my client was still in immigration custody. There was not a bond hearing until after the petition for review was filed with the court. So what we would be asking is an attorney to admit who the person was referred to, and with the conduct of these attorneys, I'm not entirely sure it may have been a reputable attorney who was referred to. It might be that this attorney referred him to a notary. So we're just trying to identify, and it seems like he talked to that person, he had enough to perhaps reconstruct to point to where that person is, and he hasn't been able to do that. And the reason I ask this question, I mean, there's Lozada requirements that we're, you know, bound to consider and to look at in reviewing any, you know, allegation of ineffective assistance of counsel, and so I just wanted to give you an opportunity to speak to that. But if you want to reserve the balance of your time, that's fine. I will. Just briefly, Your Honor, I think when we're talking about Lozada, there can be an individual detainee who has not been complied with, and I think that is what exists in this case. Well, what is that explanation? With the individual detained, unfortunately, his method of directions, they took me two blocks away to the individual, I don't remember the floor, that unfortunately, without him being able to participate in actually physically looking for it, he was not able to comply with the requirements because he has not been able to identify the person. But I think an attorney's office referring an individual for an appeal would have the obligation to identify the individual as a credible person. Thank you. May it please the Court. Kosei Igamori for the government. This petition for review should be denied for two reasons. First, petitioner did not meet the Lozada requirements which are necessary for a viable and effective assistance of case. And second, petitioner failed to demonstrate plausible grounds for relief. As the Lozada requirements are necessary, as this Court has stated, in order to provide an objective basis for assessing a claim of ineffective assistance of counsel, which is the type of claim that the Board often sees. In this case, we have a sparse declaration failing to identify this mystery attorney with very little details about the circumstances at the event. So there's no accountability in this case, Your Honor. I mean, he could have just made up this person. Let me just, because I know the Lozada requirements is something we have to follow, but let me just say, I find this case very disturbing. You have as many as six attorneys who apparently represented Mr. Maldonado during his motions to withdraw his counsel or substitute counsel filed. One of those attorneys, I think it was Mr. Spence, disclaims any knowledge of the case. Another lawyer who may have helped Mr. Maguire was disbarred at the time. Yet another lawyer has a disciplinary record with the State Bar. And on top of that, I understand that Mr. Maldonado may have primary custody of his minor son who has and can stay in the country. So there may be something I'm missing, but given all those facts and given the doubt about whether Mr. Maldonado tried to appeal the denial of his asylum claim, why wasn't this case a prime candidate for prosecutorial discretion? Well, Petitioner, who's currently serving a life sentence for serious crimes, has declined any interest in consideration for prosecutorial discretion. And furthermore, I did inquire with ICE and they have declined prosecutorial discretion probably because he was convicted of some serious crimes in this case. So as far as prosecutorial discretion, although this court doesn't have jurisdiction to review that issue, it has been vetted. His minor son has received DACA pursuant to our negotiations. And this case is here before us now. On the issue of his prior counsel, he never alleged ineffective assistance of counsel against all these attorneys that Your Honor just mentioned. His allegation of ineffective assistance is to this one mystery attorney. So just to put everything in context, we're looking at the motion to reopen here. Was that an error of fact or law in denying that denial of the motion to reopen? And the initial motion to reopen only had that one-and-a-half-page declaration and a request to review the transcripts and request CDs for the prior removal hearing. That's it. All the other evidence that was submitted on reconsideration and on appeal to reconsideration were not considered because they weren't appropriately submitted with the motion to reopen. So that's the first thing. The motion to reopen, supported just by his one-and-a-half-page declaration and a very sparse argument that he doesn't need to, that he didn't know who his attorney was, that his former, this mystery attorney didn't file an appeal, and that he had serious legal challenges against the immigration judge's decision without specifying what those errors were. So your position or the government's position is that unless you can provide a name or at least an address of the attorney, you're basically out of luck? Well, there's no categorical rule, Your Honor. It's just in this particular case, the declaration is just, it's unaccountable, Your Honor. He just says... He says everything that he can. He's detained. I mean, I just, to me, that's the, maybe the most significant thing. I'm with you if he's out and has the ability at least go and locate the place where he says this occurred, but he's detained. His family members can't find the receipt. That doesn't strike me as crazy. I can't find receipts for stuff all the time, you know, and so I don't know. It happened a year earlier. Well, I can find the receipt. He doesn't, he doesn't know the name, and given the way he was bounced around from, you know, six, eight different attorneys in this case, that doesn't strike me as crazy either, and so, I don't know, it seems like on these facts, maybe he's provided as much information as he can, and you just say, well, if you can't give us more, that's just too bad. Sorry. Is that, I mean, is that how we have to rule? Well, I don't think there's a categorical rule, Your Honor, and the question here is whether it's an abuse of discretion, and he just hasn't, as Your Honor mentioned, he hasn't exercised the diligence necessary. He could have provided more details or explained why he really couldn't do what he wanted to do. How, given that he's detained? What more are you saying he had to do? Well, he could have went to his prior attorneys, either Schoenbeam or... Detained? How is he supposed to do, what is he supposed to do while incarcerated? That's what I guess I'm trying to figure out. Well, the question is not precisely what options the government can fantasize at this time, imagine at this time, but what he could have done, without saying that this is what he should have done, is that he could have went to his former attorney, Gloria Weill Herrera, who he said is the person who was in charge of his appeal. He could have filed an ineffective assistance of counsel claim against her, actually, since all of this appears to have stemmed from her, the way she set up the representation and what she told him. So it's really the way he structured the case here. He's only targeted one attorney, and that attorney he targeted is totally unaccountable. We don't know who he is. We don't even know if he was an attorney. We don't even know if he knew that he wasn't an attorney. It's just, it's just, everything is is a little too vague in this case. What do we do about the fact that the BIA considered the wrong motion? Well, the BIA, the government's position is that the BIA didn't consider the wrong motion. Sure, I mean, I thought it was the motion to reopen and they considered the motion for reconsideration. Well, in the pre-briefing order filings, the motion to reconsider was included, and also after the Board issued its briefing order, a copy of the immigration judge's motion, denial of the motion to reconsider, also appears. And furthermore, petitioners' appellate brief to the Board of Immigration Appeals attacks those specific findings contained in the denial of the motion to reconsider about unable or unwilling, no nexus. But did they consider the motion to reopen? Yes, Your Honor. Yes, yes. The Board would have to have considered the motion to reopen in this case to determine whether there was any error or factor of law in denying that motion to reopen. I mean, that was the issue that was before the Board. And furthermore, petitioners' opening brief states emphatically, italicized or underlined, I forgot, that he has sought appeal of both the motion to reopen and reconsider. So up until this court issued its most recent order. Where does it say that they looked and they decided the motion to reopen? Because it looks like the BIA only reviewed the denial of motion for reconsideration. Well, where is it? Where's their decision in the record that they considered the motion to reopen? Well, the Board was reviewing, it's more clarified in the government supplemental brief, but the issue of... Just point to me, I mean, because normally you can point to me or you or your colleagues there can point to us in the issued an order saying we consider the motion to reopen and we've ruled on it. Where is that? There is not that, Your Honor. Okay. Okay. So the Board does mention the motion to reopen in its procedural history, but it considers the motion to reconsider. But in this case, in order to decide the motion to reconsider, it's the exact same question as if he had appealed the motion to reopen. Don't the rules require that you file a separate notice of appeal from each order? And wasn't the denial of the Yes, Your Honor, as far as the alien's obligation. However, the Board does have discretion to accept by certification. But did they do that? Did they accept by certification here? Implicitly so, Your Honor, because the certification does permit certification without following the procedural notices under Section 1003.7 of 8 CFR. It's for the Board to accept jurisdiction, so-called jurisdiction, over a decision as long as the parties aren't unfairly, they had an opportunity to argue. And as Petitioner stated, he looked at the denial of the motion to reconsider and then made arguments based on that, you know, in order to make better arguments. So there's no unfairness here. I mean, I don't know why people, I mean, you say it's just the same one. Somebody could file a motion to reopen, somebody could file a motion to reconsider. Why do you have both? I mean, is there no difference? I think there is a difference in the consideration. Only in this case, Your Honor. Only in this case there's no difference because what he's only, what he's arguing is ineffective assistance. He's arguing an error of fact and law. That's all he's alleging. He's not seeking discretion or anything else, any kind of timeliness or procedural issues. So- Well, but when a BIA panel considers a motion for reconsideration, what do they consider? They consider the denial of reconsideration. I know, but what elements or what do they have to look for? Is there a different standard? Isn't there a different standard? Yes, yes. For motions to reconsider, for reconsideration, the Board considers whether there was any error of fact or law in the prior decision. And so- And in a motion to reopen? In a motion to reopen, the Board considers whether there's any previously unavailable evidence that could, may have, that is material to the alien's eligibility for relief. Those sound like two different things to me. Well, not in this case, Your Honor. Not in this case. We make an exception for this case? Well, particular to the facts. I'm just, in my limited experience here, and maybe you have more, that when they, when the BIA doesn't rule on one, we send it back because it looks like they didn't consider what they were supposed to consider. So you're saying we should make an exception for this case? Well, the Board's decision in denying reconsideration necessarily considered the denial of reopening. So, if, just to break it down a little bit, so if he had only appealed the denial of reopening to the Board, then the Board would see, well, I wonder if there was an error of fact or law in this ineffective assistance of counsel claim. And then if the Board affirms that, on petition for review, the issue would be whether the Board reasonably determined that there was no error of fact or law in denying reopening. That's one scenario. In the second scenario, if you were to only appeal the denial of reconsideration, the Board would say, well, I wonder, did the immigration judge reasonably affirm his prior decision that there was no error of fact or law in denying reopening? And then, if that issue were to come up here, if that were the sole issue to be presented before this Court, it would still be presented with the exact same issue. Was there an error of fact or law in denying reopening? So, in this particular case, with the issues that he raises, there is no distinction, Your Honor. And the Board's... I'm just, it seems like if, if we reach the question of prejudice, we're going to have you sit down. But how can we evaluate the plausibility of Mr. Maldonado's asylum claim on appeal without any transcript? Because something you said right now just prompted me to think of that question, because it seems like we would have to remand at least for a transcript to be produced and for the BIA to consider the question of prejudice in light of that transcript, wouldn't we? No, Your Honor. Because, again, we look to what was submitted with the motion to reopen. Now, Petitioner had the CDs. He looked that he listened to the tapes. This was all part of what he had. What he chose to submit with his motion to reopen was just the Petitioner's declaration, one and a half pages, and proof that he requested the submission of the tapes. He didn't submit anything else with his motion to reopen or in a subsequent supplement to the motion to reopen. So, just looking at that, with that evidence and arguments that he was submitted at the time, was it an abuse of discretion that the immigration judge denied reopening? And the answer, Your Honor, is respectfully no. Thank you. Thank you. I'll give you one minute. Thank you, Your Honor. Just briefly, if I may address prejudice, when an alien is deprived of appellate procedures and is entirely prejudiced, it's presumed, and that is what happened here. There has been no rebuttal to that, Your Honor. And when we're talking about a direct appeal, we're talking about different standards. Don't we have to have some understanding of what claims could have been raised on appeal? Was there a procedural error in how the matter was handled before the immigration court? In this instance, Your Honor, as I've outlined in the briefs, it involved an asylum claim in which there was allegations of corruptions within the asylum. So, there is this long history of case law. Now, the immigration judge made a finding that the prior attorneys, he was provided a full and fair hearing despite the multiple attorneys who were present. However, for appellate review, I think that is what brings the issue. Wouldn't it have been incumbent upon the petitioner to present some indication of how he was deprived of a fair hearing, that there was information that was not provided, that should have been provided, or something along those lines? Well, it's not that the hearing was fair, Your Honor. It was that he was denied an appellate review. What we were requesting... But don't you have to show that there would have been a plausible claim on appellate review? No, Your Honor. I believe on song it gives us the presumption, and the presumption can be rebutted. However, there's been nothing to establish that there was a rebuttal here. If there was rebuttal, the rebuttal can, it won't apply if we can show plausible grounds of removal. But if it hasn't been rebutted, we don't have the burden to show plausible ground of removal. I think that's also addressed in Derringer v. Reno, Your Honor. Thank you. Thank you. Thank you both for your arguments here today. The case of
judges: Murguia, Watford, Vanaskie